hWALTZER, Judge.
I. STATEMENT OF THE CASE
Acting on two confidential tips, in March of 1992 police officers saw defendant Ricardo Gray engage in two drug sales. Gray was in possession of 68 “$20” bags of cocaine weighing 40.2 grams gross and 30.4 grams net and almost $9,000.00 in cash.
He was initially charged with possession of more than 28, but less than 200 grams of cocaine in violation of LSA-R.S. 40:967. He was arraigned and entered a plea of not guilty. On May 27, counsel for defendant Gray filed an application for a bill of particulars and an assortment of suppression motions.
On May 28, 1992 defendant was served with a pleading relative to the proposed forfeiture. Defendant states that he did not file any response thereto. On July 24, 1992, the State filed its Motion for Forfeiture and a hearing was held on the forfeiture and on other motions.
On July 29, 1992 the State amended the bill of information to possession with intent to distribute.
On August 21,1992, a hearing was held on the motion to suppress the confession and the motion was denied.
On September 23, the State filed answers to motions filed by the defense and a second notice of intention to use the confession.
|2The trial was continued three times before it was scheduled for January 21, 1993. At that time defendant appeared with counsel, withdrew his former plea of guilty and entered a plea of guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976). He requested immediate sentencing and was given 18 years in the custody of the Department of Corrections at hard labor with credit for time served from the date of arrest, all sentences to run concurrent and the State agreed not to file a multiple bill. Defendant appeals.
II. STATEMENT OF THE FACTS
New Orleans Police Narcotics Detectives Duane Carkum and Felix Joseph received information from a confidential informant that the defendant was dealing drugs in the French Quarter. The informant stated the defendant drove a brown convertible and used the Exxon station at the intersection of North Rampart and Esplanade Avenue as a base of operations. On March 4, 1992, the officers set up a surveillance of the area. They observed Ricardo Gray drive a brown convertible into the Exxon station and use the pay phone. Ricardo Gray then drove to the intersection of St. Ann and Dauphine where the officers observed the defendant engage in a drug transaction with a white male. The defendant returned to the Exxon station and used the pay telephone again. The defendant drove to another location in the French Quarter where the officers observed another drug transaction. During each transaction, the officers noted that the defendant reached into his pants to retrieve the object given to the other subject. After the second transaction, the officers stopped the defendant’s vehicle at the intersection of General Taylor and Tonti Streets. The officers asked the defendant to get out of his vehicle. They informed the defendant that he was under investigation for narcotics violations and read defendant his Miranda rights. Officer Joseph ^conducted a pat-down search for weapons. No weapons were found on the defendant. However, during *447 the frisk, Officer Joseph felt two soft bulges in the defendant’s waistband area. Believing the bulges to be contraband, Officer Joseph removed the objects from the defendant’s pants. The objects were two plastic bags containing smaller bags of cocaine. Thereafter, the officers arrested the defendant and advised him of his Miranda, rights. As the officers were placing the defendant in the police vehicle, the defendant told the officers that he hoped no one would steal his money that was in the trunk of the vehicle. Officer Carkum, using the defendant’s ear keys, opened the trunk and found a Sehwegmann’s grocery bag containing several envelopes containing various denominations of money. The defendant stated that it was his money and that it totaled almost nine thousand dollars. The money and drugs were seized by the officers and turned in as evidence.
III. DISCUSSION
A. Errors Patent
A review of the record for errors patent reveals none.
B. Assignment of Error No. 1
Initially we note that the State did not request forfeiture of the defendant’s vehicle. This case deals only with the forfeiture of cash.
In his first assignment of error, the defendant contends that the trial court erred in not ruling that a forfeiture under LSA-R.S. 40:2601 et seq. is a criminal penalty.
In his brief defendant states: “The State of Louisiana summarily forfeited the currency ex parte on or about May 28,1992.” This statement is unsupported by the record. May 28, 1992 carries the following minute entry:
J4COURT RESET THIS FOR MOTIONS DUE TO DOTY TRIAL IN PROGRESS. NEW MOTION DATE IS 7/16/92, AND NEW TRIAL DATE IS 7/29/92. PDOJL. SEND ALL NOTICES TO DEFENDANT GRAY.
On May 27, 1992 the minute entry indicates:
COUNSEL FOR THE DEFENDANT GRAY FILED WITH THE COURT THIS DAY: APPLICATION FOR BILL OF PARTICULARS, MOTION FOR DISCOVERY AND INSPECTION, MOTION TO SUPPRESS THE EVIDENCE, MOTION TO SUPPRESS THE CONFESSION, MOTION TO SUPPRESS THE IDENTIFICATION, MOTION FOR EVIDENCE FAVORABLE TO THE DEFENSE. APPLICATION FOR WRIT OF SUBPOENA DUCE TECUM, WITH A RETURN DATE OF 5/28/92. MOTION TO WITHDRAW AS COUNSEL OF RECORD.
The State did not forfeit the cash ex parte on May 28, 1992. According to the defendant the State served him with a pleading relative to the proposed forfeiture on May 28, 1992. Defendant filed no response thereto. On July 24, 1992 the trial court heard the State’s Motion and Order for Forfeiture, but took no action thereon. The State’s Motion and Order for Forfeiture is still under submission to the trial court judge.
The State did not seize or forfeit the property under LSA-R.S. 40:2061, the State seized and attempted to forfeit the property under LSA-R.S. 32:1550.
LSA-R.S. 32:1550 provides in part:
A. The following are contraband and shall be subject to seizure and forfeiture, and all property rights in the following are forfeited:
(1) All controlled dangerous substances
[[Image here]]
(2) All raw materials, products, and equipment of any kind which are used, or intended for use, in producing ... controlled dangerous substances ...
(3) All cash which is used, or intended for use, to facilitate the transportation, sale, receipt, possession, production, manufacture, compounding, dispensation, concealment, importing, or exporting of [controlled dangerous substances] ...
⅜ ⅜ ⅜ ⅜ ⅜ ⅜
7(e) There shall be a rebuttable presumption that all moneys, coin, and currency seized incident to a valid arrest and found in close proximity to contraband controlled dangerous substances or con *448 traband manufacturing or distributing paraphernalia or records of |5the illegal importation, manufacture, or distribution of controlled dangerous substances, are contraband as defined herein. The burden of proof shall be upon claimants of such property to rebut this presumption by clear and convincing evidence.
⅜ * ⅜ * * ⅜
B. Any property subject to forfeiture under this Chapter may be seized under process issued by a district court having jurisdiction over the property. Seizure without such process may be made when:
(1) The seizure is incident to an arrest with probable cause ...
C. Except as provided in Paragraph 940 of this Subsection, property seized under this Chapter shall be forfeited in a hearing instituted by the district attorney upon: (1) A showing by the district attorney that the seizure was constitutional or that the seizure was made upon reasonable grounds to believe the seizure was constitutional ...
⅝ ⅜ ⅜ ⅜ ⅜ ¾;
D. Property taken or detained under this Section shall not be subject to sequestration or attachment, but shall be deemed to be in custody of the law enforcement agency making the seizure, subject only to the orders and decrees of the court of record having jurisdiction thereof ... (Emphasis added).
Part C above clearly contemplates that seizure and forfeiture are two separate and distinct steps in the forfeiture proceedings. While seizure may occur pursuant to a lawful arrest, forfeiture requires a court adjudication.
The Motion and Order for Forfeiture provides that the state is seeking forfeiture of $8,901.00 seized at the time of the arrest, that the cash was used or intended for use to facilitate the transportation, sale, receipt, possession, production, manufacture, compounding, dispensation, concealment, importing or exporting of a controlled dangerous substance, and that the value of the contraband was in excess of $500.00. The State further prayed:
that pursuant to Louisiana Revised Statute 32:1550, said property and/or United States Currency be declared contraband and be forfeited to the District Attorney’s Office; and further, that said property and/or United States Currency be released to the custody of the Orleans Parish District Attorney’s Office with all proceeds derived from these proceedings allocated as follows:
Office of the District Attorney, Orleans Parish 20%
Criminal Corat Fund, Criminal District Court 20%
New Orleans Police Department 60%
| fiThe Motion for Forfeiture also contained the following order:
IT IS ORDERED BY THE COURT that the above-mentioned property and/or United States Currency be declared to be contraband and be forfeited to the Orleans Parish District Attorney’s Office, Asset Forfeiture Unit. A copy of this motion and order is to be delivered to the Asset Forfeiture Unit of the District Attorney’s Office.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the proceeds of sale of the defendant’s property be allocated as follows:
Office of the District Attorney, Orleans Parish 20%
Criminal Court Fund, Criminal District Court 20%
New Orleans Police Department 60%
JUDGE, SECTION “D”
CRIMINAL DISTRICT COURT
FOR THE PARISH OF ORLEANS
New Orleans, Louisiana, this
_day of_,1992. (Emphasis added).
THE ORDER OF FORFEITURE IS UNSIGNED. IT HAS NOT BEEN SIGNED BY THE TRIAL COURT JUDGE. THERE IS NO JUDGMENT OF FORFEITURE. BECAUSE THERE IS NO JUDGMENT, THE MATTER IS STILL UNDER SUBMISSION AT THE TRIAL COURT LEVEL. ACCORDINGLY, THERE HAS BEEN NO LEGAL FORFEITURE OF THE CASH. Until now only one step of the forfeiture proceeding has been completed: the seizure of the cash pursuant to a valid arrest. The money seized is currently being held in the same manner as evidence is held in custody. The requisite second step in the proceeding, however, is lacking, because the *449 money has not been legally forfeited and thus, no order has been delivered to the Asset Forfeiture Unit and no percentage allocation of the cash has occurred.
Because no forfeiture has occurred, defendant’s appeal is premature on the forfeiture issue. Accordingly the forfeiture portion of the appeal will be dismissed |7as premature and the forfeiture case will be remanded to the trial court for granting and signature of the forfeiture order or a judgment denying forfeiture.
C. Assignment of Error No. 2
The defendant further argues that the trial court by imposing a criminal penalty via the forfeiture of the $8,901.00 erred, by not ruling that the subsequent prosecution and penalty of the defendant under LSA-R.S. 40:967 was barred by the Double Jeopardy clause of the United States and Louisiana Constitutions. In light of our holding, above, this issue is now moot.
For the reasons discussed, the forfeiture part of the appeal is dismissed as premature and the forfeiture ease is remanded to the trial court for further action not inconsistent with this opinion. In all other aspects, defendant’s conviction and sentence are affirmed.

AFFIRMED IN PART, DISMISSED AS PREMATURE IN PART AND REMANDED.